UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOANNE CLEMENT REULET, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | |
| **LAMORAK INSURANCE COMPANY, ET AL.** | **NO. 20-00404-BAJ-EWD** |

## RULING ORDER

Before the Court is Defendant Lamorak Insurance Company's ("Lamorak") **Notice Of Liquidation And Statutory Stay (Doc. 65)** and **Motion To Enforce Stay And Notice Of Liquidation And Statutory Stay (Doc. 69) (collectively, the "Motion")**. Defendants Huntington Ingalls Incorporated and Albert L. Bossier, Jr. (collectively, the "Avondale Interests") are each insureds of Lamorak, and join Lamorak's Motion. (Doc. 71). Plaintiffs oppose Lamorak's Motion. (*See* Docs. 66, 73).

Through its Motion, Lamorak (i) notifies the Court that on March 11, 2021, its corporate parent—Bedivere Insurance Company—was declared insolvent and placed into liquidation by the Commonwealth Court of Pennsylvania, and (ii) seeks a temporary (six month) stay of these proceedings, pursuant to La. R.S. § 22:2068. Plaintiffs oppose any stay, arguing that § 22:2068 does not apply to federal court proceedings. (*See* Docs. 66, 73). Alternatively, Plaintiffs contend that even if § 22:2068 does apply in this forum, its protections should extend *only* to Lamorak, and *not* to "the entire matter." (Doc. 73 at 5).

Lamorak and the Avondale Interests have sought similar relief in other

pending federal court actions to which they are parties. Indeed, the U.S. District Court for the Eastern District of Louisiana recently entertained an identical request for stay by Lamorak and the Avondale Interests, ruling that Lamorak is entitled to a 6-month stay in light of the Commonwealth Court of Pennsylvania's March 11 Order, and that the same relief should extend to *all* Defendants "to ensure that litigation proceeds in an efficient and orderly fashion." *Norfleet v. CBS Corp.*, No. 21-cv-759, 2021 WL 2457141, at *4 (E.D. La. June 16, 2021) (Vance, J.).

There is no meaningful difference between the facts resulting in the temporary stay in the Eastern District's proceedings, and those at issue here. Having carefully considered Lamorak's Motion, Plaintiffs' opposition, and related filings, the Court will adopt the reasoning and analysis set forth by the Eastern District in the *Norfleet* matter, and incorporate it by reference.

Accordingly, for the reasons set forth by the Eastern District in *Norfleet v. CBS Corp.*, No. 21-cv-759, 2021 WL 2457141 (E.D. La. June 16, 2021) (Vance, J.),

**IT IS ORDERED** that Lamorak's Motion (Docs. 65, 69) be and is hereby **GRANTED**. The above-captioned action is **STAYED** and **ADMINISTRATIVELY CLOSED** until September 12, 2021.

**IT IS FURTHER ORDERED** that the parties shall file a joint status report on or before September 17, 2021, specifically addressing whether and to what extent the Louisiana Insurance Guaranty Association intends to intervene in the above-

captioned proceedings.

Baton Rouge, Louisiana, this 29th day of July, 2021

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**