UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOANNE REULET, ET AL.                                    CIVIL ACTION

VERSUS

LAMORAK INS. CO., ET AL.                                 NO. 20-00404-BAJ-EWD

### RULING AND ORDER

This wrongful death and survival action seeks damages related to the death of Decedent Kirk Reulet in January 2019. In broad strokes, Plaintiffs contend that during the course of his 45-year career, Decedent—a welder—worked various marine-economy jobs where he was exposed to asbestos, ultimately causing him to develop terminal mesothelioma. Plaintiffs seek damages from dozens of Defendants—including Decedent's employers, owners of premises where Decedent worked, asbestos manufacturers and distributors, and multiple insurers—but the thrust of their claims is essentially the same as to all: Defendants dealt in asbestos and, to some degree or another, played a role in causing Decedent's exposure to the deadly product. (*See* Doc 95 at ¶¶ 94-95).

Most relevant here, Plaintiffs' Second Supplemental And Amending Complaint added Defendants Employers Insurance Company of Wausau ("Wausau") and Liberty Mutual Insurance Company ("Liberty"), on the basis that these Insurers provided liability coverage to non-party Reilly-Benton Company, Inc. ("Reilly-Benton"), a now-bankrupt company that manufactured asbestos-laden products and delivered them to Decedent's worksites during time period at issue in this dispute. (Doc. 95 at ¶¶ 52,

93). Plaintiffs pursue their claims against Wausau and Liberty under Louisiana's Direct Action Statute, La. R.S. § 22:1269, which "authorizes a suit directly against the insurer when the insurance contract at issue was written or delivered … in the State of Louisiana or if the injury occurred within the state." *Marriner v. Talos Petroleum*, LLC, 576 F. Supp. 3d 412, 415 (E.D. La. 2021) (Fallon, J.) (quotation marks omitted).

Now before the Court is Wausau's and Liberty's **Motion To Dismiss Or Stay (Doc. 236, the "Motion")**, which argues that Plaintiffs' claims against them are barred—or, at minimum, must be stayed—pursuant to the Bankruptcy Code's automatic stay provision, 11 U.S.C. § 362(a). Wausau and Liberty contend that Reilly-Benton's Chapter 7 bankruptcy case is ongoing and potentially involves thousands of asbestos-related claims,[1] thus triggering the "limited circumstances" under which the United States Court of Appeals for the Fifth Circuit instructs that insurance proceeds are property of the debtor's estate, thereby subjecting related direct action claims to the automatic stay. *See In re OGA Charters, L.L.C.*, 901 F.3d 599, 604 (5th Cir. 2018) ("We now make official what our cases have long contemplated: In the 'limited circumstances,' as here, where a siege of tort claimants threaten the debtor's estate over and above the policy limits, we classify the proceeds as property of the estate."); *Sosebee v. Steadfast Ins. Co.*, 701 F.3d 1012, 1025 (5th Cir. 2012) ("Where a court finds insurance proceeds to be property of the bankruptcy estate the automatic stay will apply to direct actions against insurers, *see* 11 U.S.C. § 362(a)(3)[.]"). Plaintiffs

---

[1] *See In re: Reilly-Benton Company, Inc.*, No. 17-12870 (Bankr. E.D. La.).

2

oppose the Motion. (Doc. 241).

Significantly, this Court is not the first to address precisely this issue. Just six months ago, the U.S. District Court for the Eastern District of Louisiana entertained an identical request from Wausau and Liberty to dismiss or stay separate mesothelioma-related direct action claims against them based on insurance policies issued to Reilly-Benton. On March 3, 2022, after hearing argument, the Eastern District stayed the plaintiffs' direct action claims against Wausau and Liberty, reasoning that under the Circuit's decisions in *OGA Charters* and *Sosebee*, *supra*, the Bankruptcy Court is the best forum to decide (in the first instance) whether plaintiffs' claims must be pursued through the ongoing Reilly-Benton bankruptcy proceedings. *See Lorita M. Savoie, et al., v. Huntington Ingalls Incorporated, et al.* No. 15-cv-01220, Doc. 724 (E.D. La. Mar. 23, 2022) (Barbier, J.) (staying plaintiffs' direct action claims against Wausau and Liberty); *see also id.*, Doc. 725 at pp. 26-37 (transcript of oral argument setting forth reasons for decision).

This Court agrees with the reasoning of its brethren in the Eastern District, and the outcome of the proceedings therein. Accordingly, for the same reasons stated on the record in the *Savoie* case,

**IT IS ORDERED** that Wausau's and Liberty's **Motion To Dismiss Or Stay (Doc. 236)** be and is hereby **GRANTED IN PART**, and that Plaintiffs' direct action claims against Wausau and Liberty be and are hereby **STAYED** pending resolution of *In re: Reilly-Benton Company, Inc.*, No. 17-12870, United States Bankruptcy Court for the Eastern District of Louisiana.

3

**IT IS FURTHER ORDERED** that, consistent with the relief set forth herein, the telephone status conference set for October 26, 2022 at 2:00 p.m. to determine a new motions deadline for Wausau and Liberty be and is hereby **CANCELLED**.

The stay set forth herein applies to Defendants Employers Insurance Company of Wausau and Liberty Mutual Insurance Company *only*. As appropriate, Plaintiffs and/or Wausau and Liberty may move independently or jointly to lift the stay set forth herein.

Baton Rouge, Louisiana, this 19th day of October, 2022

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA