UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOANNE REULET, ET AL.                                CIVIL ACTION

VERSUS

LAMORAK INS. CO., ET AL.                             NO. 20-00404-BAJ-EWD

RULING AND ORDER

This wrongful death and survival action seeks damages related to the death of Decedent Kirk Reulet in January 2019. Plaintiffs allege that during the course of his 45-year career, Decedent—a welder—worked various marine-economy jobs where he was exposed to asbestos, ultimately causing him to develop terminal mesothelioma. Plaintiffs seek damages from dozens of Defendants—including Decedent's employers, owners of premises where Decedent worked, asbestos manufacturers and distributors, and multiple insurers. (*See* Doc 95 at ¶¶ 94-95).

Among the insurer Defendants is American Insurance Company ("American"), who is alleged to have insured co-Defendant Eagle, Inc., f/k/a Eagle Asbestos & Packing Company, Inc. ("Eagle Asbestos") during the period July 1, 1965 to July 1, 1966 (the "Policy Period"). Plaintiffs contend that during the Policy Period, Eagle Asbestos manufactured and distributed asbestos-containing products; that, as a consequence of his (Decedent's) father's workplace exposure to these products, Decedent himself was exposed to asbestos fibers; and that, as a result, Decedent ultimately developed mesothelioma. (Doc. 95 at ¶¶ 6,15, 52-54, 73, 88). Plaintiffs seek damages from Eagle Asbestos as an asbestos manufacturer, and, in turn, seek

1

damages from American as Eagle Asbestos's alleged insurer, pursuant to Louisiana's Direct Action Statute, La. R.S. § 22:1269. *See Marriner v. Talos Petroleum*, LLC, 576 F. Supp. 3d 412, 415 (E.D. La. 2021) (Fallon, J.) ("[T]he Direct Action Statute authorizes a suit directly against the insurer when the insurance contract at issue was written or delivered … in the State of Louisiana or if the injury occurred within the state." (quotation marks omitted)).

Now, American moves for summary judgment, asserting that "there is no evidence of American ever issuing a policy to Eagle." **(Doc. 307 at p. 1, the "Motion")**. Remarkably, American makes this argument while acknowledging: (1) Plaintiffs have produced two copies of a purported Certificate Of Insurance (the "COI") showing that Eagle Asbestos was insured by American during the Policy Period under a Comprehensive General Liability Policy (GL) numbered K-230-9953, (Doc. 307-3); *and* (2) Eagle Asbestos's President, Fred Schuber, III, submitted a sworn affidavit in 2012 attesting that, as part of its regular business practice, Eagle Asbestos maintained a copy of the COI in its files (Doc. 388-11). American sidesteps this evidence, asserting that the COI is "inherently suspicious," and that Mr. Schuber's affidavit cannot be trusted because it contradicts an earlier (2004) affidavit in which Mr. Schuber stated that Eagle Asbestos was insured by a different insurance provider, American *Employers* Insurance Company, "from 1959 to 1968." (Doc. 307-1 at pp. 1-2, 21; *see* 307-6).

More remarkable is what American *omits* from its Motion: specifically, that in June 1998 and again in August 2002, during the course of prior asbestos litigation,

2

Eagle Asbestos responded to interrogatories and specifically stated that it was insured by American during the Policy Period, under GL Policy No. K-230-9953. (*See* Doc. 388-5 at pp. 3, 43 (Eagle Asbestos's response to Interrogatory No. 4, and "attached Schedule of Insurance"); Doc. 388-6 at pp. 1, 3 (Eagle Asbestos's response to Interrogatory Nos. 1-3, and "attached insurance schedule"). Moreover, in May 2006, in yet another prior asbestos case, Eagle Asbestos responded to requests for admission and specifically *admitted* the authenticity of the COI. (*See* Doc. 388-7 at pp. 1, 3 (Eagle Asbestos's response to Request for Admission Nos. 2-3, and attached "Exhibit 1"). And that's not all: Eagle Asbestos's position that it was insured by American during the Policy Period has been consistent since *at least* August 1986, when Eagle Asbestos's attorney sent a letter to American demanding "indemnification and defense" in yet another asbestos case, attaching the COI as proof of American's coverage. (Doc. 388-8). It is incomprehensible that American was unaware of this evidence at the time it filed its Motion, particularly because the attorney that represented Eagle Asbestos for purposes of its 1998, 2002, and 2006 discovery responses (Lawrence G. Pugh, III) is the first named partner at the firm representing Defendant BayerCropScience, Inc. in *this* case (Pugh Accardo, L.L.C.).[1]

To withstand summary judgment on the issue of whether American insured Eagle Asbestos during the Policy Period, Plaintiffs must produce evidence establishing a material dispute as to the existence of the underlying American insurance policy. Fed. R. Civ. P. 56(a); *see Tunstall v. Stierwald*, 2001-1765 (La.

---

[1] Not surprisingly, neither Eagle Asbestos nor BayerCropScience have offered a position as to American's Motion.

3

2/26/02), 809 So. 2d 916, 921 ("In an action under an insurance contract, the insured bears the burden of proving the existence of the policy and coverage."). Competent summary judgment evidence obviously includes sworn statements of a party to the case. Competent summary judgment evidence also includes a party's answers to interrogatories and requests for admission, *Bradley v. Allstate Ins. Co.*, 620 F.3d 509, 527 (5th Cir. 2010), *even when* those answers were offered in a prior proceedings. *Marchand v. Asbestos Defendants*, 2010-0476 (La. App. 4 Cir. 11/10/10), 52 So. 3d 196, 201 ("Allegations, admissions or confessions in pleadings in another suit are extrajudicial admissions and are admissible as evidence, but are not conclusive presumptions and do not operate as estoppel unless the party invoking them has been prejudiced by relying upon them."), *writ denied* 2010-2732 (La. 2/11/11), 56 So. 3d 1002; *accord Hebert v. Richard*, 2015-8 (La. App. 3 Cir. 6/17/15), 166 So. 3d 1265, 1275, *writ denied*, 2015-1390 (La. 10/2/15), 178 So. 3d 991; *Bennett v. Porter*, 2010-1088 (La. App. 3 Cir. 3/9/11), 58 So. 3d 663, 669.

Here, Plaintiffs have plainly carried their burden to produce competent evidence establishing a genuine contest as to the existence of an underlying insurance policy, particularly in light of Eagle Asbestos's repeated statements in prior litigation that it was insured by American during the Policy Period under GL Policy K-230-9953, *and* Eagle Asbestos's prior authentication of the COI. Accordingly, Eagle Asbestos's Motion will be denied.

Additionally, based on their apparent lack of candor, and failure to disclose Eagle Asbestos's prior discovery responses in their initial summary judgment papers,

4

counsel for American will be required to show cause why sanctions should not be imposed against them pursuant to Federal Rule of Civil Procedure 11(b), Local Civil Rule 83(b)(6), and Louisiana Professional Conduct Rules 1.1, 1.3, 3.3, 3.4, and 8.4(c).

Accordingly,

**IT IS ORDERED** that American Insurance Company's **Motion For Summary Judgment On Insurance Coverage (Doc. 307)** be and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that within 7 days of the date of this Order Counsel for American Insurance Company shall **SHOW CAUSE** why sanctions should not be imposed against them pursuant to Federal Rule of Civil Procedure 11(b), Local Civil Rule 83(b)(6), and/or Louisiana Professional Conduct Rules 1.1, 1.3, 3.3, 3.4, and 8.4(c), based on their apparent lack of candor and failure to disclose Eagle Asbestos's prior discovery responses in their initial summary judgment papers. Counsels' show cause briefing shall be limited to 10 pages.

**Upon review of Counsels' show cause briefing, the Court will determine whether to open a separate disciplinary proceeding consistent with the procedural requirements set forth at Local Civil Rule 83(b)(12).**

Baton Rouge, Louisiana, this 21st day of October, 2022

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**