UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOANNE REULET, ET AL.                                CIVIL ACTION

VERSUS

LAMORAK INS. CO., ET AL.                             NO. 20-00404-BAJ-EWD

## RULING AND ORDER

This wrongful death and survival action seeks damages related to the death of Decedent Kirk Reulet in January 2019. Plaintiffs allege that during the course of his career, Decedent—a tradesman that worked various marine-economy jobs between the years 1972 and 2013—was exposed to asbestos, ultimately causing him to develop terminal mesothelioma. Plaintiffs seek damages from dozens of Defendants—including Decedent's employers, owners of premises where Decedent worked, asbestos manufacturers and distributors, and multiple insurers.

Among the manufacturer Defendants are General Electric Corporation ("GE"), and ViacomCBS Inc. f/k/a Westinghouse Electric Corporation ("CBS/Westinghouse") (collectively, the "Turbine Manufacturers"). (Doc. 95 at ¶¶ 2, 31-32, 45-46). Plaintiffs allege that the Turbine Manufacturers each manufactured and distributed "marine turbines" fitted with asbestos-containing gaskets and asbestos-based insulation, and that these turbines were used widely in employer-Defendant Huntington Ingalls Incorporated's ("Avondale") commercial shipbuilding activities. (*Id.* at ¶¶ 31, 45). Plaintiffs contend that Decedent *and* his (Decedent's) father each worked for Avondale in close proximity to GE and CBS/Westinghouse turbines, and that, as a

result, Decedent suffered years of first- and second-hand exposure to asbestos fibers. (*See id.*). Plaintiffs seek damages from the Turbine Manufacturers under various theories, including products liability and fraudulent concealment of the inherent danger of their asbestos-containing products. (*Id.* at ¶¶ 31-32, 45-46).

After Plaintiffs filed suit, Avondale and co-Defendant Albert Bossier, Jr.—a former Avondale executive—filed cross-claims against the Turbine Manufacturers, adopting Plaintiffs' allegations and deflecting any fault for Plaintiffs' turbine-related claims to the Turbine Manufacturers. (Doc. 1-4 at pp. 174-183 (Avondale's Answer and Cross-Claims); *id.* at pp. 160-173 (Bossier Answer and Cross-Claims)).

Now, the Turbine Manufacturers each move for summary judgment, **(Doc. 319 ("GE's Motion"), Doc. 320 ("CBS/Westinghouse's Motion"), collectively, the "Motions")**, arguing (1) Plaintiffs cannot establish substantial asbestos-exposure resulting from their turbines, and (2) in any event, they cannot be liable for any such exposure because their turbines "did not come with insulation," they did not manufacture or distribute asbestos-based insulation, and any asbestos-based insulation later added to their turbines was applied by Avondale. (GE Motion at pp. 4-14; CBS/Westinghouse Motion at pp. 4-14). Plaintiffs and Avondale each oppose the Turbine Manufacturers' Motions. (Doc. 379; Doc. 397; Doc. 382; Doc. 399). For reasons below, the Motions will be denied.

The summary judgment standard is well-set: to prevail, the Turbine Manufacturers must show that there is no genuine dispute as to any material fact and that they is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In

2

making this assessment, the Court must view all evidence and make all reasonable inferences in the light most favorable to Plaintiffs (and Avondale)—the non-moving parties. *Owens v. Circassia Pharms., Inc.*, 33 F.4th 814, 824 (5th Cir. 2022).

To defeat the Turbine Manufacturers' first argument, "Plaintiffs need only show that a reasonable jury could conclude that it is more likely than not that [Decedent] inhaled ... asbestos fibers [from the Turbine Manufacturers' turbines], even if there were only 'slight exposures.'" *See Williams v. Boeing Co.*, 23 F.4th 507, 512 (5th Cir. 2022) (citing *Held v. Avondale Indus., Inc.*, 95-1788, p. 5 (La. App. 4 Cir. 4/3/96), 672 So. 2d 1106, 1109). Plaintiffs (and Avondale) easily clear this bar.

Avondale's certified records reflect that Decedent and his father each worked various jobs at Avondale for multiple years in the 1960s and 1970s: Decedent worked as a welder from July 1967 to June 1972 (interrupted by a one-year stint in the military) (*see* Doc. 397-18 at pp. 1-2); Decedent's father worked as a "shipfitter" from 1964 to 1977 (*see* Doc. 397-4 at pp. 1-2). Dwight Granier, a co-worker of Decedent *and* Decedent's father, provided eyewitness testimony that, during their time at Avondale, Decedent *and* his father each regularly and frequently worked in close proximity to GE and CBS/Westinghouse turbines, including at times when the turbines were being insulated with asbestos-based insulation, and that Decedent and his father were each regularly and frequently exposed to asbestos dust as a result. (*See* Doc. 397-6 at pp. 15-17, 22-24 (Deposition Testimony of Dwight Granier; *see also* Doc. 304-1 at p. 5 (Deposition Testimony of Charles Becnel)). Mr. Granier's testimony is corroborated by multiple former-Avondale employees, who recounted that GE and

3

CBS/Westinghouse turbines were common at Avondale during the time period in question, that these turbines were connected with asbestos-containing gaskets, that these turbines were insulated with asbestos-based insulation, that corporate representatives of GE and CBS/Westinghouse observed and even directed the turbine insulation process on-site (at Avondale), that the insulation process sent asbestos dust "flying all over," and yet no verbal or written warnings were posted regarding the dangers of asbestos inhalation. (*See* Doc. 397-8 at pp. 25-27 (Deposition Testimony of James Becnel); Doc. 397-12 at pp. 14-17, 20 (Deposition Testimony of Michael Comardelle); Doc. 397-22 at pp. 14-17 (Deposition Testimony of Clemcy Legendre, Jr.) (Doc. 399-11 at pp. 20-22 (Deposition Testimony of Joseph Trosclair)).

Based (in part) on this testimony, Plaintiffs' industrial hygiene expert, Frank M. Parker, III, opines that, during his tenure at Avondale, Decedent was "frequently occupationally exposed to asbestos" caused by disturbances to asbestos-containing materials, "including [thermal System Insulation], on … GE and Westinghouse turbines," that these "exposures most likely frequently exceeded contemporary occupational exposure limits," and that "these exposures placed [Decedent] at significant risk for developing mesothelioma." (Doc. 397-26 at ¶¶ 18, 20-21). Mr. Parker further opines that Plaintiffs' first-hand exposure risk was amplified by the fact that his father faced the *same* conditions during his tenure at Avondale, causing Decedent to be "frequently exposed to significant concentrations of asbestos from his father's contaminated clothing." (*Id.* at ¶¶ 13-17). Plainly, on this record, a dispute exists whether Decedent suffered asbestos-exposure from the Turbine

4

Manufacturers' turbines. *See Williams*, 23 F.4th at 512.

The Turbine Manufacturers' second argument—that they are not liable because their turbines "did not come with insulation," and because they did not thereafter install the asbestos-based insulation on their turbines (the so-called "bare-metal defense")—is just as easily dispatched. Indeed, it was just rejected by the U.S. District Court for the Eastern District of Louisiana on facts indistinguishable from those presented here. *See Becnel v. Lamorak Ins. Co.*, No. 19-cv-14536, 2022 WL 3704029, at *5–7 (E.D. La. Aug. 26, 2022) (Lemelle, J.). The same analysis set forth in the *Becnel* decision applies to this case, and the Court adopts that analysis herein, as supplemented below.

To summarize, there are two distinct asbestos containing products associated with the Turbine Manufacturers' turbines: (1) asbestos-containing gaskets that were used to connect the turbines (the "gasket claim"); and (2) asbestos-based insulation that was used to insulate the turbines (the "insulation claim"). The Turbine Manufacturers cannot defeat Plaintiffs' gasket claim at summary judgment because their own corporate representatives—David Skinner (for GE) and Roy Belanger (for CBS/Westinghouse)—each testified that the component parts of their turbines included asbestos-containing gaskets; that the process of erecting their turbines at Avondale involved connecting the turbines using the asbestos gaskets; and that the Turbine Manufacturers each supplied the asbestos-containing gaskets necessary to make those connections without providing any warning as to their inherent danger. Accordingly, a material dispute exists as to whether the Turbine Manufacturers

5

supplied an unreasonably dangerous product *per se, and* as to whether the Turbine Manufacturers failed to issue adequate warnings regarding that product. *See Becnel*, 2022 WL 3704029, at *5–7 (citing *Halphen v. Johns-Manville Sales Corp.*, 788 F.2d 274, 275 (5th Cir. 1986)); *see also Cortez v. Lamorak Ins. Co.*, No. 20-cv-2389, 2022 WL 2643867, at *4-8 (E.D. La. July 8, 2022) (Vance, J.) (denying CBS/Westinghouse's motion for summary judgment as to plaintiffs' gasket claim); *Cortez v. Lamorak Ins. Co.*, No. 20-cv-2389, 2022 WL 1320429, at *13 (E.D. La. May 3, 2022) (Vance, J.) (denying GE's motion for summary judgment as to plaintiffs' gasket claim).

Additionally, the Turbine Manufacturers cannot defeat Plaintiffs' insulation claim at summary judgment, even if the Turbine Manufacturers only delivered "bare-metal" turbines to Avondale. The U.S. Supreme Court instructs that "a manufacturer *does* have a duty to warn when its product requires incorporation of a part and the manufacturer knows or has reason to know that the integrated product is likely to be dangerous for its intended uses. Under that approach, the manufacturer may be liable *even when* the manufacturer does not itself incorporate the required part into the product." *Air & Liquid Sys. Corp. v. DeVries*, 139 S. Ct. 986, 993–94 (2019) (emphasis added). Here, the Turbine Manufacturers' corporate representatives testified that GE and CBS/Westinghouse each knew that the turbines they sold to Avondale required insulation, each knew that asbestos-based insulation was the insulation-of-choice during the period of Decedent's exposure, and yet each failed to provide any warning of the dangers associated with asbestos insulation. Accordingly, a material dispute exists regarding whether the Turbine Manufacturers failed to

6

provide adequate warning of the danger of using asbestos-based insulation with their turbines. *Becnel*, 2022 WL 3704029, at *5–7 (citing *DeVries*, 139 S. Ct. at 993-994); *see also McAllister v. McDermott, Inc.*, No. 18-cv-361, 2020 WL 4745743, at *12–13 (M.D. La. Aug. 14, 2020) (rejecting manufacturer-defendant's "bare metal defense" and determining that, under *DeVries*, a material dispute precluded summary judgment on plaintiff's failure to warn claim where summary judgment evidence showed that manufacturer's products required asbestos-containing gaskets to function). This conclusion is reinforced by the fact that, in this case, Plaintiffs' evidence shows that the Turbine Manufacturers' representatives were on-site at Avondale, observing and directing the turbine insulation process.[1]

In sum, there is plainly enough evidence to create a contest regarding whether Decedent inhaled asbestos fibers from the Turbine Manufacturers' products and, further, whether the Turbine Manufacturers may be liable under a products liability theory. Accordingly,

**IT IS ORDERED** that GE's **Motion for Summary Judgment (Doc. 319)** be

---

[1] The Court acknowledges an apparent divergence among its brethren in the Eastern District of Louisiana regarding the Turbine Manufacturers' liability for failing to warn about the dangers of using asbestos-based insulation with their turbines. *Compare Becnel*, 2022 WL 3704029, at *5-7 ("According to plaintiffs, defendant was aware that asbestos insulation was to be utilized in connection with its turbines; and thus, had a duty to warn. We agree."), *with Cortez*, 2022 WL 2643867, at *9 ("In the absence of any authority indicating that a manufacturer in Westinghouse's position has a duty to warn of the dangers of a third party's product, the Court finds that plaintiffs' failure-to-warn theory is meritless."), *and Cortez*, 2022 WL 1320429, at *15 (same, GE). This Court will not attempt to reconcile this divergence here, but notes that it is unclear from the *Cortez* decisions whether that Court was made aware of Plaintiffs' evidence that the Turbine Manufacturers' representatives were on-site observing and directing application of asbestos-based insulation to their turbines, or to what extent this evidence would have shaped the Court's analysis. In any event, absent guidance from the U.S Court of Appeals for the Fifth Circuit, this Court respectfully hews to the reasoning set forth in the *Becnel* decision.

and is hereby **DENIED**.

**IT IS FURTHER ORDERED** that CBS/Westinghouse's **Partial Motion For Summary Judgment Regarding Turbines (Doc. 320)** be and is hereby **DENIED**.

Baton Rouge, Louisiana, this 31st day of October, 2022

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**